UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CHRIS HOLDEN, DREU LULOW and**
**SAMUEL SCHMUCKER,**
**on behalf of themselves and**
**all others similarly situated,**

      **Plaintiffs,**

  v.                                                 Case No. 23-CV-461

**ARBOR GREEN, INC. and CHRISTY WADE,**

      **Defendants.**

---

### STIPULATION TO MODIFY AND FOR FINAL CERTIFICATION OF COLLECTIVE ACTION

---

Plaintiffs Chris Holden, Dreu Lulow, and Samuel Schmucker, along with Defendants Arbor Green, Inc. and Christy Wade, by and through their respective attorneys, submit this Stipulation to Modify and for Final Certification of a Collective Action pursuant to the Fair Labor Standards Act. This Stipulation is only entered into, and the collective only certified, as a condition and for purposes of the settlement reached between the parties:

    1.    On January 21, 2025, the Court previously conditionally certified separate collectives consisting of (a) all Laborers who were employed by Arbor Green on or after January 21, 2022; and (b) all individuals employed by Arbor Green as an hourly non-exempt employee in 2022 or 2023 and received a bonus computed as $1 for each hour worked during the year, plus $0.50 for each hour worked during the year if the employee held a Commercial Driver's License. (Docket #55-1, pg. 1)

2.	The parties, through negotiation, reached a settlement in principle on March 4, 2025. Thereafter the parties diligently worked to reduce all aspects of their agreement to writing, which reached a finalized form on May 22, 2025, and was subsequently executed by the parties. In connection with their settlement, the parties agreed to, in part, stipulate to certification of an FLSA Collective as described herein.

3.	The parties stipulate to modify the first Collective conditionally certified by the Court to the following: All individuals who were (i) employed by and worked at Arbor Green between January 1, 2023 and July 30, 2023, and (ii) was included in the bargaining unit represented by the Laborers Union, and (iii) who received at least 10 weekly paychecks from Arbor Green between January 1, 2023 and July 30, 2023, and (iv) who timely opt into the Collective Action.

4.	The parties stipulate to modify the second Collective conditionally certified by the Court to the following: All individuals who were (i) employed by and worked at Arbor Green between January 1, 2023 and July 30, 2023, and (ii) was included in the bargaining unit represented by the Operators Union, and (iii) who received at least 10 paychecks from Arbor Green between January 1, 2023 and July 30, 2023, and (iv) who timely opt into the Collective Action.

5.	The statute of limitations on a Collective Member's claim under the Fair Labor Standards Act continues to run until the Collective Members' opt-in consent form is filed with the Court.  29 U.S.C. §256(b). The parties agreed that Collective Members should be permitted to recover starting on January 1, 2023, which is between two and three years before any opt-in consent forms will be filed with the Court.  The parties agree that Arbor Green modified its timekeeping and payroll practices, so that no Collective Members can advance the Riding Time Claim, Driving Time Claim, or Overtime Computation Claim against Arbor Green or Christy Wade for the time period on and after July 31, 2023.  The Memorandum of law in support of the

Parties' Joint Motion for Preliminary Approval explains why it is reasonable for the parties to agree to allow Collective Members to recover starting on January 1, 2023.

6. Moreover, because a Collective Member must work a substantial amount of overtime to qualify to receive more than a de minimis payment of overtime pay pursuant to the legal theories advanced by the Amended Complaint, the parties agreed to use the receipt of 10 weekly paychecks between January 1, 2023 and July 30, 2023 as a proxy for a Collective Member having worked a substantial amount of overtime during the same time period. The Memorandum of law in support of the Parties' Joint Motion for Preliminary Approval explains why this agreement by the parties is reasonable.

7. The parties stipulate to modify the definition of both Collectives to the definitions proposed by paragraphs 2 and 3 of this Stipulation, so that persons who are not eligible to receive a payment through the Settlement cannot become members of either Collective, and therefore cannot release any claims through the Settlement in return for no consideration.

8. The parties seek Court approval for final certification of the modified Collectives. In support of final collective certification, Named Plaintiffs allege that they are similarly situated to other Laborers who worked for Arbor Green between January and July of 2023 in that they allege they (a) were not paid for their riding time to the jobsite immediately after performing work in the shop, and/or for their riding time from the last jobsite back to the shop immediately before performing work in the shop; (b) were not paid for their time spent driving a company truck from the last jobsite for the day to the truck's overnight storage location; and (c) received time and a half their shop rate of $12 or $12.50 per hour for their work in the shop, which occurred during the first 8 hours on the day and the first 40 hours on the week; and as a result did not receive overtime pay for hours worked at the jobsite rate after they had already worked 40 hours for the week.

9. Named Plaintiffs further allege that they are similarly situated to Laborers and Operators who worked for Arbor Green in 2023, in that they received bonuses at the end of 2023, but the bonuses were not included in computing their regular rates of pay for overtime weeks that they worked in 2023.

10. Named Plaintiffs further allege that the common questions that the Court will need to answer to decide whether Arbor Green is liable to both them and to other Collective Members predominate over the need to estimate the amount of riding and driving time they were not credited with to compute their damages; and that their claims are not subject to unique defenses when compared to corresponding claims advanced by other Collective Members.

11. For settlement purposes only, Arbor Green does not dispute that the Named Plaintiffs' factual and legal allegations are sufficient to support final certification of the modified collectives defined in paragraphs 2 and 3 of this Stipulation.

12. This stipulation is solely limited to whether Collective Actions should be modified and certified. The parties acknowledge that they need to file with the Court a separate motion to seek the Court's preliminary approval for their Settlement, and to obtain the Court's authorization to send the Notice of Settlement and Opt-in Form to potential Collective Members.

13. Except for purposes of an approved and final settlement in this Action, no part of this Stipulation constitutes an admission, on behalf of any of the Parties, as to the efficacy, propriety, suitability, or availability of certification of any kind, whether in this Action or any other proceeding involving any of the Parties.

14. No part of this Stipulation or the Court's actual order on this Stipulation (collectively, these "Filings") shall ever be used to support or oppose any later motion related to

certification of any kind.  The Parties further waive and forego the ability to use these Filings for such purpose.

15. If the parties' proposed settlement is not finally approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of their Settlement Agreement, the parties agree that this Stipulation and the Court's Order as to this Stipulation shall be vacated without further order of the Court and the parties will request new deadlines within which to complete class and collective certification briefing.

Based on the foregoing, the Parties ask the Court to accept and grant this Stipulation, and, for settlement purposes only, grant final certification of the following FLSA opt-in Collectives:

a. All individuals who were (i) employed by and worked at Arbor Green between January 1, 2023 and July 30, 2023, and (ii) was included in the bargaining unit represented by the Laborers' Union, and (iii) who received at least 10 weekly paychecks from Arbor Green between January 1, 2023 and July 30, 2023, and (iv) who timely opt into the Collective Action; and

b. All individuals who were (i) employed by and worked at Arbor Green between January 1, 2023 and July 30, 2023, and (ii) was included in the bargaining unit represented by the Operators Union, and (iii) who received at least 10 weekly paychecks from Arbor Green between January 1, 2023 and July 30, 2023, and (iv) who timely opt into the Collective Action.

Respectfully submitted this 24th day of June, 2025.

| **THE PREVIANT LAW FIRM S.C.** | **LINDNER & MARSACK, S.C.** |
|---|---|
| *s/ Yingtao Ho* | s/*Sally A Piefer* |
| Yingtao Ho | Sally A. Piefer |
| State Bar No. 1045418 | State Bar No. 1023257 |
| 310 W. Wisconsin Ave., Suite 100MW | 411 E. Wisconsin Ave., Suite 1800 |
| Milwaukee, WI 53203 | Milwaukee, WI 53202-4498 |
| Telephone: 414-271-4500 | Ph: 414-273-3910 |
| Fax: 414-271-6308 | Fax: 414-273-0522 |
| E-Mail: yh@previant.com | E-mail: spiefer@lindner-marsack.com |

| Attorneys for Plaintiffs | Attorneys for the Arbor Green Defendants |
|---|---|