IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS HOLDEN, DREU LULOW, and
SAMUEL SHMUCKER,
individually and on behalf of
all those similarly situated,

                Plaintiffs,

                                          Case No: 23-cv-461

     v.

ARBORE GREEN, INC., and
CHRISTY WADE,

                Defendants.

---

ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF
COLLECTIVE ACTION SETTLEMENT

---

On September 17, 2025, the parties filed a Joint Motion for Final Approval of a proposed settlement agreement, as amended (dkt. #73), resolving this action on a collective basis. (Dkt. #66.) For settlement purposes, the court previously certified two collectives under the Fair Labor Standards Act. (Dkt. # 65.) The court conducted a fairness hearing on October 1, 2025, at which plaintiffs and the opt-in collective members were represented by Yingtao Ho and defendants were represented by Alexandra Chepov.

For reasons discussed at that hearing and based on the materials filed by the parties in support of their Motion for Final Approval, the court now holds that the proposed settlement agreement, including the modifications discussed and adopted at the hearing and summarized below, is "fair, adequate, and reasonable, and not a product of collusion."

*Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (quotation omitted). Based on the parties' materials filed in support of their Motion for Final Approval and the discussions at the hearing, the court also holds that the requirements of the Fair Labor Standards Act regarding certification of collective actions have been met.

In particular, the court recognizes that the substantial difference in recovery between the named plaintiffs and the collective members is reasonable in light of the difficulties posed by statute of limitations (and the dispute on the applicable limitations period) under the FLSA, as well as the challenges presented to certify a class under Rule 23, including numerosity. With this understanding, the court will approve the collective action settlement as fair and reasonable with respect to both the named plaintiffs and the collective members with three modifications.

First, the value of any checks issued but not timely cashed shall be distributed to a charity to be agreed upon by the parties. This is to ensure that neither side benefits unfairly should a collective member ultimately go uncompensated despite their best efforts, as agreed upon by counsel during the hearing. Otherwise, the distribution of the settlement awards shall occur as agreed upon by the parties.

Second, court finds an award of $47,066.67 in attorneys' fees to the collective's counsel and $507 in costs is reasonable. This fee award represents one-third of the total settlement amount and is on par with market rates for an outcome that is reasonable but not outstanding for the collective members. Under the terms of the settlement agreement, the court notes that the difference between its award and plaintiffs' request of $55,000

2

($7,426.33) shall be allocated proportionally to the collective members, furthering the court's view as to the fairness of the overall settlement to collective members.

Third, and finally, the court holds that an award of $736 incentive payment to each of the named plaintiffs (for a total of $2,208), deducted proportionally from the allocation to the collective members, is reasonable given the limited additional work required of the named plaintiffs.

Overall, as requested in plaintiff's motion and in accordance with the terms of the proposed settlement agreement as modified above, the court finds:

- the settlement agreement is fair, reasonable, and adequate with respect to both the named plaintiffs and collective members;

- the enhancement payment of $736 each to plaintiffs Holden, Lulow, and Schmucker is also reasonable;

- the Petition for Class Counsel's Costs and Attorneys' Fees, and award to Class Counsel for its costs and fees in the total amount of $47,573.67 is fair and reasonable;

- the settlement amounts to be paid to the collective members as detailed at Section C of the settlement agreement and modified above, are fair, reasonable and adequate; and

- named plaintiffs and all collective members are barred and permanently enjoined from pursuing any claims released against defendant as set forth in Section E of the settlement agreement.

## ORDER

IT IS ORDERED that:

1) The parties' unopposed Joint Motion for Final Approval of Collective and Settlement (dkts. #66, 73) is GRANTED.

2) The unopposed Motion for Approval of a Service Award is GRANTED in the amount of $736 to each named plaintiff.

3) The unopposed Motion for Approval of Attorneys' Fees and Costs (dkt. #69) is GRANTED in the total amount of $47,573.67.

4) As per the settlement agreement, the difference between the original request of $54,493.00 in fees and the $47,066.67 award shall revert proportionally to the collective members.

5) Payments to plaintiffs, their counsel, and all collective members as set forth above are hereby authorized to be disbursed in accordance with the procedure set forth in the settlement agreement.

6) The amount of checks issued but not timely cashed, if any, will be distributed to a charity of the parties' choosing.

7) Plaintiffs' amended complaint, including any claims for Rule 23 certification advanced in the amended complaint, plaintiffs' released claims, and the released claims of all of the opt-in collective members are hereby DISMISSED WITH PREJUDICE AND WITHOUT FURTHER COSTS to either party.

8) The federal claims pursuant to the FLSA of any putative Collective Member who did not previously consent to join the litigation are hereby dismissed without prejudice.

9) The court retains jurisdiction of this matter only to enforce the terms of settlement and this order.

Entered this 2nd day of October, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge